The STATE of Ohio, Appellant,

v.

WILLIAMS, Appellee.

[Cite as *State v. Williams*, 177 Ohio App.3d 865, 2008-Ohio-3586.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 08CA009350.

Decided July 21, 2008.

Dennis Will, Lorain County Prosecuting Attorney, and Billie Jo Belcher, Assistant Prosecuting Attorney, for appellant.

Laura A. Perkovic, for appellee.

WHITMORE, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the order of the trial court, outlining the Tier III Sex Offender classification requirements of defendant-appellee, Melissa Williams. This court reverses.

I

{¶ 2} On January 19, 2000, the grand jury indicted Williams on 11 separate counts of criminal conduct, including complicity to commit rape, rape, kidnapping, and sexual battery. The matter proceeded to a jury trial, but the court declared a mistrial on May 17, 2001, and discharged the jurors. Subsequently, a second jury trial commenced, and the jury found Williams guilty of the following crimes: (1) complicity to rape, (2) complicity to kidnapping, (3) three counts of complicity to commit sexual battery, (4) and sexual battery.

{¶ 3} Pursuant to the law in place at the time of Williams's convictions, the trial court held a hearing and classified her as a sexually oriented offender. The trial court also sentenced Williams to a total of ten years in prison for her underlying convictions. On August 2, 2002, Williams filed her first appeal with this court. This court affirmed Williams's convictions, but reversed and remanded the case

for resentencing so that the trial court could place its reasons for imposing a consecutive sentence upon the record. See *State v. Williams*, 9th Dist. No. 02CA008112, 2003–Ohio–4639, 2003 WL 22047765. Upon remand, the trial court sentenced Williams to a total of eight years in prison.

{¶ 4} On December 19, 2007, the trial court ordered that Williams be resentenced again on the authority of *State v. Bezak*, 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961, because the court had failed to advise Williams of postrelease control. Before the resentencing hearing occurred, however, the Adam Walsh Act ("AWA") went into effect. As a result of the new statutory scheme and Williams's request, the trial court held a hearing for the purpose of both resentencing and reclassification on February 1, 2008. The trial court sentenced Williams to a total of five years in prison and five years of postrelease control on her underlying crimes. The trial court also reclassified Williams as a Tier III sex offender, but removed the community-notification requirement from her reporting duties.

{¶ 5} On February 29, 2008, the state filed a notice of appeal. On March 26, 2008, this court held that R.C. 2505.02 gives the state the authority to appeal as of right from a trial court's classification order. The state's appeal is now properly before this court, raising two assignments of error for our review.

II

Assignment of Error Number One

"The trial court erred when it re-classified appellee as a tier iii sex offender with no community notification requirement."

■ {¶ 6} In its first assignment of error, the state argues that the trial court erred in reclassifying Williams as a Tier III sex offender at her resentencing hearing. Specifically, the state argues that the problems pertaining to Williams's sentence did not affect her classification and that the trial court lacked authority to modify her classification. We agree.

{¶ 7} The AWA became effective on January 1, 2008. 1997 Sub.S.B. No. 10, Sections 3 and 4. Pursuant to the AWA, Ohio's previous sex-offender designations were replaced by a three-tiered classification scheme. Unlike the old law, the tier designations under the AWA are determined by the type of offense an offender commits, not the likelihood of his recidivism. R.C. 2950.01(E) through (G) (defining Tier I, Tier II, and Tier III sex offender classifications). Both parties agree that the offenses Williams committed qualify her as a Tier III sex offender under the AWA.

{¶ 8} The trial court initially classified Williams as a sexually oriented offender in 2002. Williams's classification remained intact after this court reversed her

underlying sentencing in her first appeal and remanded her case to the trial court for resentencing. See *Williams* at ¶ 22–30. When the trial court again resentenced Williams to inform her of postrelease control in 2008, however, the court also reclassified her as a Tier III offender. The state argues, and we agree, that the court lacked the authority to reclassify Williams under the current law.

{¶ 9} Recently, the Ohio Supreme Court held that a defendant's sentence must be vacated if the trial court failed to inform the defendant of postrelease control during the sentence hearing. *Bezak* at syllabus. Because such a failure to inform voids the defendant's sentence, the parties are placed "in the same position they would have been in * * * had there been no sentence." *State v. Simpkins*, 117 Ohio St.3d 420, 2008–Ohio–1197, 884 N.E.2d 568, at ¶ 22. Consequently, the trial court correctly held a hearing to resentence Williams and to inform her of her postrelease-control obligations. The remaining issue is whether the trial court also had the authority to reclassify Williams at this hearing. We hold that it did not.

{¶ 10} Sex-offender-classification proceedings are civil in nature and legally distinct from the proceedings governing a defendant's underlying criminal conviction(s) and sentence. *State v. Wilson*, 113 Ohio St.3d 382, 2007–Ohio–2202, 865 N.E.2d 1264, syllabus (holding that different standards of review apply to appeals from classification proceedings and criminal convictions).[1] This court has the authority to consider a challenge to a sexual-offender classification even if it lacks the authority to consider an offender's underlying sentence. See *State v. Dobrski*, 9th Dist. No. 06CA008925, 2007–Ohio–3121, 2007 WL 1805021. In *Dobrski*, we held that an appellant's sentencing entry was not a final, appealable order because it did not comply with Crim.R. 32(C) and this court's holding in *State v. Miller*, 9th Dist. No. 06CA0046–M, 2007–Ohio–1353, 2007 WL 879666. *Dobrski* at ¶ 2–4. Yet Dobrski's classification order was a final, appealable order conferring jurisdiction upon this court because it was the result of a "special proceeding" that affected Dobrski's substantial rights under R.C. 2505.02(B). Id. at ¶ 6. Consequently, this court considered Dobrski's classification challenge on the merits while simultaneously concluding that it lacked jurisdiction to consider his sentence. Id. at ¶ 15–16. While Dobrski addressed the substantial rights of a defendant rather than the substantial rights of the state, we find that sexual-offender-classification proceedings also affect the substantial rights of the state and that R.C. 2505.02 confers the same jurisdiction upon this court in a state's appeal as it does in a defendant's appeal. See *State v. Newton* (June 11, 1998),

---

1. While *Wilson* applied to the pre-AWA classification statutes, neither party on appeal has argued that the AWA classification proceedings differ so from the pre-AWA proceedings that they are no longer civil in nature. Consequently, we decline to address the issue.

10th Dist. No. 97APA10–1353, 1998 WL 307414, at *1. Accordingly, in either a defendant's or a state's appeal, an appeal from the defendant's classification is legally distinct from any appeal regarding his underlying sentence.

{¶ 11} Despite the fact that Williams's sentence was void and had to be vacated pursuant to *Bezak*, the status of her sentence did not affect the status of her classification. That is, the vacation of her sentence did not result in the vacation of her legally distinct sexual-offender classification. See *Dobrski,* supra. Williams never challenged her sex-offender classification on direct appeal. Thus, Williams had a valid sexual-offender classification when the AWA went into effect on January 1, 2008.

{¶ 12} The AWA provides that the attorney general shall determine the tier classification and duties of any offender "who on December 1, 2007, will be serving a prison term in a state correctional institution for a sexually oriented offense." R.C. 2950.032(A)(1)(a). Pursuant to the AWA, it is the duty of the attorney general, not the court, to reclassify any previously classified sexual offender. Id. Reclassification occurs without a hearing because the new tier designations are a function of the specific crime an offender has committed and do not depend upon any other factors. See R.C. 2950.01 (defining Tier I, Tier II, and Tier III sexual offenders by the type of criminal statutory offense committed). The AWA specifically provides that offenders have a specified amount of time to challenge their new registration requirements by requesting a court hearing after they receive their notice of reclassification. R.C. 2950.032(E). One such challenge that an offender may make at the requested hearing is that the AWA's community-notification provisions should not apply because the offender would not have been "subject to the notification provisions * * * that existed immediately prior to the effective date of [the AWA]." R.C. 2950.11(F)(2) (listing 11 factors that a court must consider before determining that an offender would not be subject to notification provisions).

{¶ 13} Upon remand for resentencing, the trial court also reclassified Williams as a Tier III sex offender and removed the community-notification requirements from her reporting duties based on the court's belief that Williams was unlikely to reoffend. Williams argues that the state should be prohibited from arguing that the trial court lacked authority to reclassify her because the state asked the trial court to reclassify. Even if the state erroneously requested that the trial court reclassify Williams, however, that error did not give the trial court the authority to conduct the reclassification and ignore the explicit statutory language assigning that task directly to the attorney general. The AWA confers the authority to reclassify sexual offenders such as Williams solely upon the attorney general, not the original trial court. R.C. 2950.032(A)(1). Consequently, the trial

court erred in ignoring the AWA's mandates and reclassifying Williams. The state's first assignment of error is sustained.

### Assignment of Error Number Two

"The trial court erred when it sua sponte removed the community notification requirement from appellee's tier iii sex offender designation."

{¶ 14} In its second assignment of error, the state argues that the trial court erred in removing sua sponte the AWA's community-notification requirements from Williams's Tier III classification. Given that we have already determined that the AWA permits only the attorney general to reclassify offenders such as Williams and set their registration and notification duties, this assignment of error is moot, and we decline to address it. See App.R. 12(A)(1)(c).

### III

{¶ 15} The state's first assignment of error is sustained. The state's second assignment of error is moot. The judgment of the Lorain County Court of Common Pleas is reversed.

Judgment reversed.

MOORE, P.J., and DICKINSON, J., concur.