DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas wherein appellant, Charles Stockman, pled guilty to two counts of sexual battery, both violations of R.C. 2907.03(A)(5) and (B) and felonies of the third degree. It is undisputed that these offenses occurred between December 15, 2002 and December 14, 2003. *Page 2 
 {¶ 2} The indictment against appellant was filed on August 30, 2007, and his written guilty plea was journalized on December 12, 2007. On January 22, 2008, appellant filed a motion to vacate his sentencing date due to the fact that the recent amendment of R.C. Chapter 2950 by Am. Sub. S.B. 10 ("S.B. 10"), became effective on January 1, 2008. The trial court granted appellant's motion.
 {¶ 3} Thereafter, appellant filed material in support of mitigating his sentence and a motion to exclude him from the requirement of community notification pursuant to the version of R.C. 2950.11 in effect prior to January 1, 2008. In another motion, appellant urged the court below to sentence him under former R.C. Chapter 2950. He argued that S.B. 10 was unconstitutional because it violated: (1) Section 28, Article II, Ohio Constitution, which prohibits the enactment of retroactive laws; (2) Section 32, Article II, Ohio Constitution, which provides for the separation of the powers of the three branches of government; and (3) the Ex Post Facto Clause found in Section 10, Article I, United States Constitution. Appellee, the state of Ohio, filed memoranda in opposition to these motions.
 {¶ 4} On February 29, 2008, the trial court held appellant's sentencing hearing. At the outset, the judge noted that she was going to impose sentence pursuant to S.B. 10. In her March 5, 2008 judgment entry, the judge imposed a sentence of three years on each conviction for sexual battery, to be served concurrently. She also determined that, under S.B. 10, appellant is a Tier III sex offender. *Page 3 
 {¶ 5} A Tier III sex offender is required to register with the local sheriff every 90 days for life and may be subject to community notification every 90 days for life. R.C. 2950.06(B)(3); State v.Gooding, 5th Dist. No. 08 CA 5, 2008-Ohio-5954, ¶ 8. In turn, the sheriff must notify certain individuals in the community with the sexual offender's personal information. See R.C. 2950.11(A)-(F). The judge denied appellant's motion to exclude him from this requirement of community notification. Appellant appeals this judgment and asserts the following assignments of error:
 {¶ 6} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING MR. STOCKMAN'S MOTION FOR CLASSIFICATION BY PRIOR REVISED CODE CHAPTER 2950.
 {¶ 7} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING MR. STOCKMAN'S MOTION TO EXCLUDE HIM FROM COMMUNITY NOTIFICATION."
 {¶ 8} In his first assignment of error, appellant again argues that S.B. 10 is unconstitutional because it is applied retroactively, constitutes ex post facto law, and/or violates constitutionally mandated separation of powers. All of these issues were previously raised with regard to S.B. 10 in this court and rejected. See State v Bodyke, 6th Dist. Nos. H-07-040, H-07-041, H-07-042, 2008-Ohio-6387 andMontgomery v. Leffler, 6th Dist. No. H-08-011, 2008-Ohio-6397. Accordingly, appellant's first assignment of error is found not well-taken. *Page 4 
 {¶ 9} In his second assignment of error, appellant complains that the lower court committed reversible error by denying his motion to exclude him from the community notification provisions of S.B. 10. Appellant claims that R.C. 2950.11(F)(2) not only allows him to move for such an exclusion, but also that its application requires a sentencing court to grant said exemption. In reply, appellee, citing State v. Williams,177 Ohio App.3d 865, 2008-Ohio-3586, apparently argues that R.C. 2950.11(F)(2) is a mechanism that can only be used by a convicted sexual offender upon reclassification pursuant to S.B. 10 by the Attorney General of Ohio. We disagree.
 {¶ 10} R.C. 2950.11(F), reads, in pertinent part:
 {¶ 11} "(1) Except as provided in division (F)(2) of thissection, the duties to provide the notices described in divisions (A) and (C) of this section apply regarding any offender or delinquent child who is in any of the following categories:
 {¶ 12} "(a) The offender is a tier III sex offender * * *.
 {¶ 13} "(2) The notification provisions of this section do not apply to a person described in division (F)(1)(a), (b), or (c) of this section if a court finds at a hearing after considering the factors described in this division that the person would not be subject to the notification provisions of this section that were in the version of this section that existed immediately prior to the effective date of this amendment. * * *." (Emphasis added.)
 {¶ 14} In construing the terms of a particular statute, words must be given their usual, normal, and/or customary meanings. State v.Dorso (1983), 4 Ohio St.3d 60, 62. *Page 5 
Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory construction. State ex rel Jones v. Conrad (2001), 92 Ohio St.3d 389,392; State v. Siferd, 151 Ohio App.3d 103, 2002-Ohio-6801, ¶ 33.
 {¶ 15} As applied herein, the plain and unambiguous use of the word "court" rather than the "attorney general" plainly indicates that a court, after holding a hearing and applying the specific factors listed in R.C. 2950.11(F)(2) in order to determine whether that individual would not have been subject to community notification under that version of R.C. 2950.11 that existed immediately prior to its amendment by S.B. 10., is allowed to relieve a Tier III sex offender of the requirement of community notification.
 {¶ 16} Nonetheless, appellee contends that Williams controls the outcome of this appeal. In that case, the defendant was initially found by the trial court to be a sexually oriented offender. Id. at ¶ 3. The defendant appealed, and, due to a sentencing error, the Ninth Appellate District remanded the case for resentencing. Id. The defendant was resentenced but her classification remained the same. Id. In December 2007, the trial court ordered that Williams be resentenced again because it previously failed to advise her of postrelease control. Id. at ¶ 4.
 {¶ 17} Prior to Williams' resentencing, S.B. 10 became effective. Ignoring R.C. 2950.032(A)(1)(a), which expressly grants the Attorney General the authority to reclassify sexual offenders serving a prison term, the trial court not only correctly resentenced the defendant, but also impermissibly reclassified her as a Tier III sexual *Page 6 
offender. Id. at ¶ 13. The state appealed the reclassification, asserting that under S.B. 10 it was the Ohio Attorney General's duty to reclassify sexual offenders. Id. at ¶ 6. Based upon R.C. 2950.032(A)(1)(a), the appellate court agreed and found the state's assignment of error well-taken. Id. at ¶ 13.
 {¶ 18} Upon this review of Williams, we can only conclude that it is inapposite to the present cause because it involved the reclassification of a sexual offender rather than the initial classification of the same.
 {¶ 19} As to the initial classification of a sexual offender, we find that R.C. 2950.11(F)(2) requires the sentencing court to hold a hearing prior to determining the necessity of community notification and to consider those factors in R.C. 2950.11(F)(2)(a)-(k) in ascertaining whether a person would have been subject to the community notification provisions of R.C. 2950.11 under the version of that section that existed immediately prior to the effective date of S.B. 10. For the foregoing reasons, appellant's second assignment of error is found well-taken.
 {¶ 20} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. This cause is remanded to that court for further proceedings consistent with this judgment. Appellee, the state of Ohio, and appellant, Charles Stockman, are each ordered to pay one-half of the costs of this appeal.
 JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1