DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} C.S. challenged his reclassification under the Adam Walsh Act after the State told him that it was going to classify him as a Tier II juvenile sex offender. The juvenile court rejected C.S.'s constitutional arguments, but determined that he should be classified as a Tier I registrant instead of a Tier II registrant. This Court affirms because the juvenile court correctly appointed C.S. a lawyer and exercised proper discretion when it reclassified him under Section 2950.03.1(E).
 FACTS {¶ 2} In July 2005, when C.S. was 15 years old, the juvenile court adjudicated him delinquent for having committed gross sexual imposition and classified him as a juvenile sex offender. In December 2007, the State told C.S. that it was reclassifying him as a Tier II juvenile sex offender under changes to Chapter 2950 of the Ohio Revised Code. C.S. challenged his *Page 2 
reclassification, arguing it violated the United States Constitution's prohibition on ex post facto laws, the Ohio Constitution's prohibition on retroactive laws, and the separation of powers doctrine as well as being impermissible multiple punishment under the Double Jeopardy Clause of the United States and Ohio Constitutions.
 {¶ 3} The juvenile court appointed a lawyer for C.S., and the parties agreed to waive a hearing and submit the matter on C.S.'s written brief. On September 18, 2008, the juvenile court concluded that, although C.S.'s ex post facto, retroactivity, and separation of powers arguments were without merit under this Court's decision in In re G.E.S., 9th Dist. No. 24079, 2008-Ohio-4076, it had discretion to change his classification level. It classified C.S. as a Tier I juvenile sex offender and permanently enjoined the State from increasing his classification level. The State has appealed, assigning two errors.
 RECLASSIFICATION {¶ 4} The State's first assignment of error is that the juvenile court incorrectly classified C.S. as a Tier I registrant when he committed a Tier II offense. Under the Adam Walsh Act, "Ohio's previous sex-offender designations were replaced by a three-tiered classification scheme."State v. Williams, 177 Ohio App. 3d 865, 2008-Ohio-3586, at ¶ 7. For those who had been designated under the prior scheme, the Act directed the attorney general to determine their new classification as a Tier I, Tier II, or Tier III sex offender "under Chapter 2950 of the Revised Code as it will exist under the changes that will be implemented on January 1, 2008." R.C. 2950.03.1(A)(1).
 {¶ 5} The tiers are defined in Section 2950.01. Tier I includes a sex offender "who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to" certain enumerated offenses as well as "[a] sex offender who is . . . or has been adjudicated a delinquent *Page 3 
child for committing any sexually oriented offense and who a juvenile court, pursuant to section 2152.82, 2152.83, 2152.84, or 2152.85 of the Revised Code, classifies a tier I sex offender . . . relative to the offense." R.C. 2950.01(E). The definition of Tier II is similar, except it lists different enumerated offenses and includes certain sex offenders who were, prior to January 1, 2008, both adjudicated delinquent and determined to be a habitual sex offender. R.C. 2950.01(F). The definition of Tier III is similar to the other two in that it lists certain offenses, but is different because it also includes sex offenders who had been adjudicated sexual predators. R.C. 2950.01(G).
 {¶ 6} The attorney general reclassified C.S. as a Tier II juvenile sex offender. Section 2950.03.1(E) provides that a delinquent child, who has been reclassified under the new scheme, "may . . . contest the application . . . of the new registration requirements." "The . . . delinquent child may contest the manner in which the . . . new registration requirements apply . . . or may contest whether th[e] new registration requirements apply at all. . . ." Id. If a delinquent child contests the new requirements, "the court shall consider all relevant information and testimony presented relative to the application to the offender or delinquent child of the new registration requirements. . . ." Id. "If . . . the court finds that the . . . child has proven by clear and convincing evidence that the new registration requirements do not apply to [him] in the manner specified [by the attorney general] . . ., the court shall issue an order that specifies the manner in which the court has determined that the new registration requirements do apply. . . ." Id. Both the delinquent child and prosecutor have the right to appeal the court's decision. Id.
 {¶ 7} The State has argued that the attorney general correctly reclassified C.S. as a Tier II offender because he violated Section 2907.05(A)(4) of the Ohio Revised Code and a violation of Section 2907.05(A)(4) is listed in Section 2950.01(F)(1)(c) as a Tier II offense. The problem *Page 4 
with the State's argument is that, although a violation of Section 2907.05(A)(4) is listed as a Tier II offense, it is only a Tier II offense for someone who "has been convicted of, or has pleaded guilty to" such an offense. C.S. was adjudicated delinquent, he was not "convicted of" and has not "pleaded guilty to" a violation of Section 2907.05(A)(4). The juvenile court, therefore, correctly determined that "the new registration requirements [did] not apply to [him] in the manner specified [by the attorney general]." Id.
 {¶ 8} The State has also argued that the juvenile court improperly determined "the manner in which . . . the new registration requirements do apply." Id. The difficulty with this question is that, under the plain language of Section 2950.01, C.S. does not appear to fall within the definition of any of the tiers. He does not fall within one of the lists of specific offenses because has not been convicted of or pleaded guilty to an offense. He also has not been adjudicated a habitual sex offender or a sexual predator.
 {¶ 9} The only other tier definition provisions that apply to a juvenile sex offender are those that apply to "[a] sex offender who . . . has been adjudicated a delinquent child for committing any sexually oriented offense and who a juvenile court, pursuant to section 2152.82, 2152.83, 2152.84, or 2152.85 of the Revised Code, classifies a tier [I, II, or III] sex offender . . . relative to the offense." R.C. 2950.01(E)(3), (F)(3), (G)(3). Interpreting those provisions, this Court has held that they "vest[] a juvenile court with full discretion to determine whether to classify a delinquent child as a Tier I, Tier II, or Tier III offender." In re G.E.S., 9th Dist. No. 24079,2008-Ohio-4076, at ¶ 37.
 {¶ 10} The State has argued that Sections 2950.01(E)(3), (F)(3), 
(G)(3) do not apply to reclassification under Section 2950.03.1. On the face of the statute, it is correct because those sections only apply to sex offenders who are being classified "pursuant to section 2152.82, *Page 5 2152.83, 2152.84, or 2152.85." Section 2152.82 directs the juvenile court to classify a child as a juvenile offender registrant "as part of [its] dispositional order." R.C. 2152.82(A). Section 2152.83, directs the court to classify a child as a juvenile offender registrant "as part of [its] dispositional order," or, "if [it] commits the child . . . to the custody of a secure facility," "at the time of the child's release from the secure facility." R.C. 2152.83(A)(1), (B)(1). Section 2152.84(A)(1) provides for a classification hearing "upon completion of the disposition of [a] child." Finally, Section 2152.85 provides that a delinquent child who was classified as a juvenile offender registrant may petition for reclassification three years after the hearing required under Section 2152.84, three years after his first petition for reclassification is decided, or five years after his second petition is decided. R.C. 2152.85(B)(1-3).
 {¶ 11} Reclassification under Section 2950.03.1 is not classification "as part of [a juvenile court's] dispositional order," "at the time of [a] child's release from [a] secure facility," or "upon completion of the disposition of [a] child." R.C. 2152.82(A); R.C. 2152.83(A)(1); R.C. 2152.84(A)(1). In determining how the new registration requirements apply, the juvenile court could only seek guidance from the statutory definitions of Tier I, II, and III sex offenders. The only provisions applicable to the classification of delinquent children in Section 2950.01(E), (F) (G) grant the juvenile court discretion in its determination of the appropriate classification. This Court, therefore, concludes that the juvenile court, in "consider[ing] all relevant information and testimony presented relative to [C.S.'s] application," properly determined that it had discretion when it reclassified him under Section 2950.03.1. R.C. 2950.03.1(E).
 {¶ 12} The State has next argued that, even if the juvenile court had discretion, it failed to consider the factors listed in Section 2152.83(D). It has argued that "[a] juvenile court cannot *Page 6 
simply classify or reclassify a child as it sees fit . . . [i]t first must base its decision on the above factors and any other relevant factors."
 {¶ 13} Section 2152.83(D) provides that, "[i]n making a decision under [Section 2152.83(B)] as to whether a delinquent child should be classified a juvenile offender registrant, a judge shall consider all relevant factors, including, but not limited to . . . (1) The nature of the sexually oriented offense . . .; (2) Whether the child has shown any genuine remorse or compunction for the offense; (3) The public interest and safety; (4) The factors set forth in division (K) of section 2950.11
of the Revised Code . . . (5) The factors set forth in divisions (B) and (C) of section 2929.12 of the Revised Code as those factors apply regarding the delinquent child, the offense, and the victim; [and] (6) The results of any treatment provided to the child and of any follow-up professional assessment of the child." The court is required to consider the same factors when making a decision under Sections 2152.84 and2152.85. R.C. 2152.84(A)(2); R.C. 2152.85(C).
 {¶ 14} Even if the State is correct, there is nothing in the record to suggest that the juvenile court did not consider "all relevant factors" when it exercised its discretion. R.C. 2152.83(D). It noted that, underIn re G.E.S., juvenile courts "have the right to apply multiple factors found in 2151.82 et seq. and place a juvenile into any tier that the Court finds correct without regard to the offense." It also quoted language from In re G.E.S., that the Adam Walsh Act permits a juvenile court to take "into consideration multiple factors, including a reduced likelihood of recidivism, when classifying a delinquent child." In reG.E.S., 9th Dist. No. 24079, 2008-Ohio-4076, at ¶ 37. The court determined that primary consideration should be given to the manner in which C.S. had been classified under the previous classification scheme. It concluded *Page 7 
that he should not be reclassified into a different registration level and, therefore, classified him as a Tier I registrant.
 {¶ 15} The State has also argued that the juvenile court incorrectly wrote that the attorney general had reclassified C.S. as a Tier III offender. Although the State is correct that the attorney general reclassified C.S. as a Tier II offender, it has not demonstrated prejudice. The court, exercising proper discretion under Section 2950.03.1, classified C.S. as a Tier I juvenile sex offender. The fact that it incorrectly wrote which tier the attorney general had assigned C.S. under Section 2950.03.1(A)(1) is immaterial since it properly changed his classification level.
 {¶ 16} The State has further argued that, although C.S.'s petition asked the juvenile court to declare the provisions of the Adam Walsh Act unconstitutional, he did not seek to have his classification changed. It is incorrect. In his petition, C.S. argued that the attorney general's reclassification was "improper and unconstitutional." The juvenile court correctly construed C.S.'s argument that his reclassification was "improper" as challenging the manner in which the new registration requirements applied to him.
 {¶ 17} The State's final argument is that the juvenile court incorrectly based its decision on its belief about how the Cuyahoga County Juvenile Court would reclassify C.S. In its decision, the court wrote that it did "not have a reason to return this matter to the Cuyahoga County Juvenile Court since this Court is aware of how the juvenile was classified before being sent to [Wayne County] and it is reasonable to believe the Cuyahoga County Juvenile Court intends to continue the classification of juvenile sexual offender registrant or that Court would have changed the registration level."
 {¶ 18} The State had argued to the juvenile court that, if it overturned C.S.'s classification as a Tier II offender, it should transfer the matter "to the Juvenile Court of *Page 8 
Cuyahoga County since that Court would better know how to classify the Petitioner." The court's statement addressed that concern. To the extent that it mentioned what it thought the Cuyahoga County Juvenile Court would do, it merely opined that that court would continue C.S.'s classification as a "juvenile sexual offender registrant." It did not say what tier it thought the Cuyahoga County Juvenile Court would assign C.S. Accordingly, even if it is improper for a juvenile court to consider how the court that initially classified a juvenile sex offender would reclassify him under the new classification scheme, there is no indication that the court in this case considered that factor. The State's first assignment of error is overruled.
 APPOINTMENT OF COUNSEL {¶ 19} The State's second assignment of error is that the juvenile court incorrectly appointed a lawyer for C.S. It has argued that reclassification proceedings are civil in nature and that Section 2950.03.1 does not provide a defendant with the right to a court-appointed lawyer.
 {¶ 20} The juvenile court appointed C.S. a lawyer on March 20, 2008. C.S. has argued that this Court does not have to address the State's argument because it did not refer to the juvenile court's March 20, 2008, order in its Notice of Appeal and did not attach a copy of that order to its Notice.
 {¶ 21} Rule 3(D) of the Ohio Rules of Appellate Procedure provides that "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." Rule 3(A), however, provides that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." Interpreting Rule 3(A), the Ohio Supreme Court has held that "the only jurisdictional requirement for a valid *Page 9 
appeal is the timely filing of a notice of appeal. When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion." Transamerica Ins. Co. v. Nolan, 72 Ohio St. 3d 320, syllabus (1995).
 {¶ 22} In Armbruster v. Hampton, 9th Dist. No. 05CA008716,2006-Ohio-4530, Armbruster's Notice of Appeal stated that he was appealing from a final judgment entered on April 11, 2005. Id. at ¶ 13. In his brief, he also made arguments regarding three earlier court orders. Id. at ¶ 17. Because there was no evidence that his "failure to identify and attach all orders from which he appeal[ed] was made in bad faith or that the appellees were prejudiced as a result," this Court addressed his arguments on the merits. Id. at ¶ 18. Similarly, C.S. has not argued that the State's failure to identify the March 20, 2008, order in its Notice of Appeal was done in bad faith or that he suffered any prejudice from the omission. Accordingly, this Court will consider the State's argument on the merits.
 {¶ 23} The juvenile court correctly appointed a lawyer for C.S. Section 2151.23(A)(15) provides that "[t]he juvenile court has exclusive original jurisdiction . . . [t]o conduct the hearings, and to make the determinations, adjudications, and orders authorized or required under sections 2152.82 to 2152.86 and Chapter 2950 of the Revised Code." Accordingly, C.S.'s petition for reclassification under Section 2950.03.1 was a juvenile court proceeding under Section 2151.23. Rule 4(A) of the Ohio Rules of Juvenile Procedure provides that "[e]very party shall have the right to be represented by counsel and every child . . . the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding." C.S., therefore, had the right to a lawyer under Juvenile Rule 4. The State's second assignment of error is overruled. *Page 10 
 CONCLUSION {¶ 24} The juvenile court correctly appointed C.S. a lawyer and exercised proper discretion when it reclassified him as a Tier I registrant. The judgment of the Wayne County Common Pleas Court Juvenile Division is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
CARR, J. WHITMORE, J. CONCUR *Page 1