[Cite as *State v. Bronston*, 2011-Ohio-3576.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 94936**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDWARD BRONSTON

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-451589

**BEFORE:**   Kilbane, A.J., Blackmon, J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   July 21, 2011

**ATTORNEY FOR APPELLANT**

Aaron T. Baker
P.O. Box 824
Willoughby, Ohio 44096

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}  Defendant-appellant, Edward Bronston, appeals from the order of the trial court that reclassified him as a Tier III offender under the Adam Walsh Act ("AWA"). For the reasons set forth below, we reverse the Tier III offender classification under AWA and remand for the trial court to reinstate Bronston's prior classification as an aggravated sexually oriented offender under Megan's Law.

{¶ 2}  On May 4, 2004, defendant was indicted on two counts of rape of a child under 13 years old, with furthermore clauses alleging that he compelled her to submit by force or threat of force; one count of kidnapping with a sexual motivation specification; and one count of gross sexual imposition upon a second child under 13 years old. Defendant subsequently entered into a plea agreement with the State.   Under the terms of the plea agreement, the State deleted the furthermore clauses from the rape charges,

and on July 22, 2004, defendant pled guilty to the amended counts of rape and kidnapping with the sexual motivation specification. The charge of gross sexual imposition was nolled. At this time, the trial court advised defendant that he would be subject to five years of postrelease control and stated:

> "Any violation of the terms and conditions of that postrelease control will lead to further incarceration, which will be part of the penalty in this case.
>
> So upon release, five years of postrelease control. Should you violate the terms, that can lead to an additional six and a half years, be assessed as part of the penalty in this case. All right?"

{¶ 3} On the same date, defendant was sentenced to a total of 13 years of imprisonment. With regard to postrelease control, the court ordered that "[p]ostrelease control is part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28."

{¶ 4} The trial court additionally found defendant to be an aggravated sexually oriented offender under Megan's Law, former R.C. Chapter 2950. Under this designation, defendant was required to verify his address with the county sheriff every 90 days for life and was also subject to community notification requirements.

{¶ 5} On November 8, 2005, defendant filed a notice of appeal and a motion for a delayed appeal. This court denied the motion on November 29, 2005. In December of 2005, defendant filed a notice of appeal to the Supreme Court, which was denied in April 2006. Defendant filed a motion for a delayed appeal again on June 18, 2007, which was denied the following day. On August 1, 2007, defendant filed an appeal to the Ohio Supreme Court, which was denied on December 12, 2007.

**{¶ 6}** On August 14, 2009, defendant moved to withdraw his guilty plea, asserting that the "judgment sentencing entry does not clearly state that Mr. Bronston's term of postrelease control is mandatory and incorrectly identifies the period of control as 'maximum period allowed for the above [felonies] under R.C. 2967.28.'"

**{¶ 7}** On September 3, 2009, while the motion to withdraw the guilty plea was pending, defendant filed a petition to vacate his conviction pursuant to R.C. 2953.21, arguing that his trial counsel was ineffective and that the sentence imposed by the trial court was unlawful.

**{¶ 8}** The trial court denied both the motion to withdraw the plea and the petition to vacate on October 28, 2009. Defendant filed a notice of appeal and motion for leave to file a delayed appeal, which this court denied on January 22, 2010.

**{¶ 9}** On February 25, 2010, defendant filed a motion for resentencing in which he asserted that his sentence was void because the "journal entry of [the] sentence fails to specifically state the required period of postrelease control." On March 5, 2010, the State also filed a motion for resentencing, acknowledging that "the journal entry of sentencing does not provide adequate notice of postrelease control."

**{¶ 10}** On March 22, 2010, the trial court held a hearing in the matter. The court stated that the motions for resentencing were granted. The court then reimposed the 13-year sentence that it had previously ordered and also stated:

> "Well, for starters, based on the plea that you entered into, the Court is going to find you to be a [Tier III] sex offender now [under the Adam Walsh Act, R.C. Chapter 2950], which requires lifetime verification of your residence and employment with in-person verification every 90 days.

"* * *

Now, upon release from prison, you will be subject to mandatory five years of postrelease control, and any violation of the terms and conditions of postrelease control could get you additional prison time under this case not to exceed half the amount of time that the Court has put in place."

{¶ 11} Defendant now appeals and assigns the following error for our review:

"The trial court's reclassification of the Appellant as a Tier III sex offender under the Adam Walsh Act was a violation of the separation of powers doctrine and is unconstitutional."

{¶ 12} Within this assignment of error, defendant asserts that under the law announced in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the trial court erred in reclassifying him under Adam Walsh Act since his prior classification under Megan's Law was a final order. In opposition, the State asserts that *Bodyke* involves reclassifications conducted by the Attorney General and is therefore distinguishable from this matter that involves a trial court's de novo sentencing hearing to remedy defective imposition of postrelease control.

{¶ 13} As an initial matter, we note that in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Supreme Court held that when a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in his or her sentence, the sentence for that offense is void, but "only the offending portion of the sentence is subject to review and correction."

{¶ 14} Further, in *State v. Bell*, Cuyahoga App. No. 95719, 2011-Ohio-1965, this court held that where resentencing is required because of an error in the imposition of

postrelease control, the trial court is not authorized to address a defendant's previously-imposed sex offender classification. Id., citing *State v. Gibson*, Champaign App. No. 2009 CA 47, 2010-Ohio-3447; *State v. Gimbrone,* Montgomery App. No. 23810, 2011-Ohio-632. See, also, *State v. Williams,* 177 Ohio App.3d 865, 2008-Ohio-3586, 896 N.E.2d 725 (improper imposition of postrelease control does not affect the validity of defendant's classification as a sexual predator).

{¶ 15} In accordance with the foregoing, the assignment of error is well taken.

{¶ 16} We therefore reverse the trial court's determination that defendant is a Tier III offender under the Adam Walsh Act, and we remand in order for the trial court to reinstate defendant's prior classification as an aggravated sexually oriented offender under Megan's Law.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

PATRICIA A. BLACKMON, J., and
COLLEEN CONWAY COONEY, J., CONCUR