[Cite as *State v. Bronston*, 2012-Ohio-2631.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97558**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDWARD BRONSTON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-451589

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** June 14, 2012

**FOR APPELLANT**

Edward Bronston, pro se
Inmate No. 471-390
Marion Correctional Institution
P.O. Box 57
Marion, OH   43302


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel. Edward Bronston appeals from the trial court's order reinstating his reporting requirements under Megan's Law. For the following reasons, we affirm.

{¶2} In *State v. Bronston*, 8th Dist. No. 94936, 2011-Ohio-3576 ("*Bronston I*"), this court reversed the trial court's decision reclassifying Bronston under the Adam Walsh Act and remanded the case for the limited purpose of reinstating Bronston's Megan's Law reporting requirements. On remand, the trial court held a hearing in which Bronston appeared, through video, with his attorney. The trial court reinstated Bronston's Megan's Law reporting requirements. Bronston, pro se, appealed, raising five assignments of error.

{¶3} Bronston argues as follows: the trial court erred by not allowing him to address the court at the hearing; the trial court failed to address erroneous aspects of his underlying sentence, originally imposed on July 21, 2004; and the trial court failed to notify him of his right to appeal from the hearing reinstating his Megan's Law reporting requirements. We note that his argument about the notice of his appellate rights is moot in light of the fact that this court granted him a delayed appeal. Bronston's remaining arguments are without merit. His arguments generally address issues the trial court was without jurisdiction to resolve.

**{¶4}** The scope of the remand from *Bronston I* was limited to reinstating Bronston's Megan's Law reporting requirements. Trial courts have no authority to extend the scope of remand limited by a mandate of this court. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984), citing *Briggs v. Pennsylvania RR. Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948). Bronston addressed the court during the hearing and asked to introduce additional evidence unrelated to reinstating his Megan's Law reporting requirements. The court correctly denied his request in light of the limited nature of the remand. *See State v. Gates*, 8th Dist. No. 82385, 2004-Ohio-1453, ¶ 9 (jurisdictional concerns dictate that trial courts are not free to exceed the scope of the limited remand). The sole purpose of the remand was to reinstate Bronston's original reporting requirements. The trial court properly carried out its mandate and reinstated his Megan's Law reporting requirements. The trial court lacked jurisdiction to address any aspect of Bronston's original sentencing or conviction. His assignments of error are accordingly overruled.

**{¶5}** The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR