[Cite as *State v. Bronston*, 2012-Ohio-4611.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98596

## STATE OF OHIO

RESPONDENT

vs.

## EDWARD BRONSTON

RELATOR

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus
Motion No. 456582
Order No. 458962

**RELEASE DATE:**    October 3, 2012

**FOR RELATOR**

Edward Bronston, pro se
Inmate #471-390
Marion Correctional Institution
P.O. Box 57
Marion, Ohio    43302


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:     James E. Moss
Asst. County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio     44113

EILEEN A. GALLAGHER, J.:

{¶1} On June 25, 2012, the relator, Edward Bronston, commenced this mandamus action to compel the lower court to render a final, appealable order "on his postconviction petition, and motion to release from false imprisonment, with all due respect to this honorable court, that the entries comply with Crim.R. 32(C)." (Complaint.) On July 5, 2012, the Cuyahoga County Prosecutor, on behalf of the respondent, moved for summary judgment on the grounds of procedural defects and lack of duty. On July 17, 2012, Bronston filed a motion to strike the state's response on the grounds of untimeliness. This court denied the motion to strike on July 23, 2012. For the following reasons, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus.

{¶2} First, Bronston's complaint is defective. The caption is improper. Bronston styled this petition as "State of Ohio v. Edward Bronston." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270

(1962). Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent that provides an additional, independent reason for dismissal. *State ex rel. Ross v. State,* 102 Ohio St.3d 73, 2004-Ohio-1827, 806 N.E.2d 553.

{¶3} The relator has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594. Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; and *Hazel v. Knab*, 120 Ohio St.2d 22, 2011-Ohio-4608, 955 N.E.2d 378.

{¶4} Moreover, he has not established that the trial judge is in default of a clear, legal duty enforceable in mandamus. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel.*

*Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); and *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

**{¶5}** In the underlying case, *State v. Bronston,* Cuyahoga C.P. No. CR-451589, Bronston pleaded guilty to kidnapping and two counts of rape and in July 2004, was sentenced to 13 years in prison. He filed several motions for a delayed appeal, but this court denied those motions. On September 3, 2009, Bronston filed his first postconviction relief petition that the trial court summarily denied on October 28, 2009. Bronston tried to appeal this decision by filing a motion for delayed appeal, but this court denied the motion. *State v. Bronston*, 8th Dist. No. 94390 (Jan. 22, 2010). In early 2010, both the state and Bronston moved for resentencing for a full compliance with postrelease control. On March 23, 2010, the trial judge fully resentenced Bronston, and changed his sexual reporting duties from Megan's Law to the Adam Walsh Act. Bronston timely appealed, and this court reversed, holding the change improper. *State v. Bronston*, 8th Dist. No. 94936, 2011-Ohio-3576. On October 14, 2011, the trial court reimposed the Megan's Law sanctions, but did not reiterate the rest of the sentence.

Bronston again appealed and argued that the trial court erred in not allowing him to address the court concerning various errors over the course of his case. This court affirmed, holding that the trial court properly acted within the limited scope of the remand on Megan's Law. *State v. Bronston,* 8th Dist. No. 97558, 2012-Ohio-2631.

{¶6} Bronston then filed the subject motions. On December 12, 2011, he filed his second postconviction relief petition and on April 19, 2012, he filed his "motion to release from false imprisonment for failing to comply with Crim.R. 32(A)(1) and Sup.R. 39(B)(4)." On June 8, 2012, in separate entries, the trial court summarily denied both motions. Bronston then commenced this mandamus action.

{¶7} To the extent that Bronston is arguing that the June 8, 2012 entries are not final, appealable orders because they do not comply with Crim.R. 32(C) and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, his argument is ill-founded. Crim.R. 32 applies only to judgments of convictions and not to postconviction motions. As to his motion to release from false imprisonment for failing to comply with Crim.R. 32(A)(1), res judicata bars relief. He presented this argument to this court in his latest appeal, and this court rejected it.

{¶8} To the extent that Bronston is arguing that the June 8, 2012 entries are not final, appealable orders because there are no findings of fact and conclusions of law, his argument is not well taken. A trial court has no duty to issue findings of fact and conclusions of law on successive postconviction relief petitions or on other postconviction motions. *Gause v. Zaleski,* 85 Ohio St.3d 614, 710 N.E.2d 684 (1999); and *State ex rel. Jefferson v. Russo*, 8th Dist. No. 90682, 2008-Ohio-135.

{¶9} Accordingly, this court grants the respondent's motion for summary judgment and denies the ill-captioned application for a writ of mandamus.

{¶10} Relator to pay costs.

{¶11} This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶12} Writ denied.

---

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
MARY EILEEN KILBANE, J., CONCUR