[Cite as *State v. Love*, 2013-Ohio-3096.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-120642 |
| | | TRIAL NO.  B-9601201 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JAMES LOVE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 17, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William Gallagher*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**HENDON**, **Presiding Judge.**

{¶1}   Defendant-appellant James Love appeals from the trial court's judgment adjudicating him a sexual predator under the Megan's Law version of R.C. Chapter 2950. We affirm.

### Facts

{¶2}   In 1996, Love was found guilty of four counts of rape, with force, of a child under the age of 13. The trial court sentenced Love to consecutive life sentences on each count. While he was incarcerated on these charges, Love was never returned to Hamilton County for a sexual-offender-classification hearing under Megan's Law.

{¶3}   Following a series of appeals, Love was granted a new trial that ultimately culminated in Love pleading guilty in September 2012 to two counts of gross sexual imposition that had occurred in 1989. The trial court imposed an agreed sentence of eight to ten years' incarceration on each count, ordered the sentences to run concurrently, credited Love with 5,932 days of time served, and wrote on the sentencing entry that the entire sentence was considered served upon entry of the court's judgment. During Love's sentencing hearing, Love indicated that he understood that he would be credited with time served on these counts and that the time served would be counted from June 5, 1996—the date that he had initially been incarcerated.

{¶4}   At the time that Love was sentenced in September 2012, the trial court conducted a sexual-offender-classification hearing under the Megan's Law version of R.C. Chapter 2950, and adjudicated Love a sexual predator. This appeal followed.

{¶5}   In his first assignment of error, Love contends that the trial court erred when it classified him under Megan's Law because neither his crimes nor his convictions occurred when Megan's Law was in effect. In his second assignment of

2

error, Love argues that, even if Megan's Law does apply, he is a "sexually oriented offender" by operation of law, and the trial court did not have jurisdiction to reclassify him. Neither argument has merit.

## Love is Subject to Megan's Law

{¶6} The Megan's Law version of R.C. Chapter 2950 was in effect from 1997 until 2008. In *State v. Wood*, 1st Dist. Hamilton No. C-120598, 2013-Ohio-2724, we recently held that Megan's Law applies to those defendants incarcerated for a sex offense during this time, regardless of when the offense had been committed. *See State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570 (1998).

{¶7} Love contends that since his crimes occurred before Megan's Law was in effect and because his sentencing occurred after Megan's Law had been repealed, he is subject to the reporting requirements in effect when he committed his crimes in 1989.

{¶8} Love's argument ignores the record in this case. At Love's sentencing hearing, the trial court determined, and Love agreed, that he had been incarcerated for 5,932 days on two counts of gross sexual imposition commencing June 5, 1996. Love may not simultaneously claim the benefit of 5,932 days of "time served" and also claim that he did not serve time during those years. And because Love was incarcerated for sex offenses at the time that Megan's Law was in effect, he is subject to that law.

## The Classification Hearing was Proper

{¶9} Love next contends that, even if Megan's Law does apply to him, since he was never adjudicated as a sexual predator while incarcerated on the rape charges, he is a "sexually oriented offender" as a matter of law. *See Wood*; *Snyder v. State*, 10th Dist. Franklin No. 11AP-1026, 2012-Ohio-2529. And Love further asserts that because his convictions for rape were vacated by this court, but not his claimed status as a sexually

oriented offender, the trial court had no authority on remand to conduct a sexual-offender-classification hearing.

{¶10} Love cites *State v. Williams*, 177 Ohio App.3d 865, 2008-Ohio-3586, 896 N.E.2d 725 (9th Dist.) in support of his argument that his alleged former classification as a sexually oriented offender remains intact. In *Williams*, the state appealed the trial court's judgment reclassifying Williams as a sexual offender on remand after Williams's sentence had been reversed on appeal for the trial court's failure to notify Williams of postrelease control. The *Williams* court held that the trial court had had the authority to correct Williams's void sentence, only. In pertinent part, the court reasoned that because Williams's sexual-offender classification had been the result of a separate civil proceeding that had not been appealed, this classification had remained untouched by Williams's void sentence. *Id.* at ¶ 11-12. Specifically, the court found that the "status of her [Williams's] sentence did not impact the status of her classification. That is, the vacation of her sentence did not result in the vacation of her legally distinct sexual offender classification." *Id.* at ¶ 11.

{¶11} *Williams* is distinguishable from the present case. Here, we vacated the underlying findings of guilt on Love's sex offenses as well as Love's sentences. The commission of a sex offense is a necessary predicate to a sexual-offender classification under Megan's Law. *See* former R.C. 2950.01, repealed by 2007 Am.Sub.S.B. No. 10. So, unlike in *Williams*, when we reversed and vacated the findings of guilt on Love's rape offenses, the classification that Love contends had attached to him as a matter of law as a result of these offenses was also necessarily reversed and vacated. We therefore reject Love's argument that the trial court acted beyond the scope of this court's remand when it conducted a sexual-offender-classification hearing in this case.

4

{¶12} Finally, Love claims that the trial court did not have the authority to conduct a hearing under Megan's Law because those code provisions allowing the Ohio Department of Rehabilitation and Correction to recommend to the trial court that an inmate be adjudicated a sexual predator have been repealed. We decline to address this argument because Love was not before the trial court pursuant to such a notification. And in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 22, the Ohio Supreme Court clearly indicated that a trial court may conduct a classification hearing under Megan's Law even after the effective date of the Adam Walsh Act. Further, the Megan's Law version of R.C. 2950.09(B)(1)(a)(i) provides that a trial court has the authority to conduct a sexual-offender-classification hearing at the time of sentencing. This is precisely what occurred in this case.

## Conclusion

{¶13} For these reasons, we overrule both of Love's assignments of error. The trial court's judgment adjudicating Love a sexual predator under the Megan's Law version of R.C. Chapter 2950 is affirmed.

Judgment affirmed.

DINKELACKER and DEWINE, JJ., concur.

Please note:
     The court has recorded its own entry on the date of the release of this opinion.