[Cite as *State v. Miller*, 2014-Ohio-4568.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100768**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ELLIOT MILLER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-08-513120-A

**BEFORE:** E.A. Gallagher, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** October 16, 2014

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Amy Venesile
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Elliot Miller appeals from the trial court's reclassification of Miller as a sexually oriented offender pursuant to Megan's Law. Miller argues the trial court was without jurisdiction to reclassify him because he had completed his sentence for the underlying crime prior to the time of the hearing. Finding no merit to Miller's appeal, we affirm the decision of the trial court.

{¶2} In 2008, the Cuyahoga County Grand Jury charged Miller with multiple offenses that occurred on August 20, 2007. On May 21, 2009, a jury convicted Miller of five counts of gross sexual imposition and one count of kidnapping with a sexual motivation specification. The trial court sentenced Miller to a one-year term of incarceration on each of the gross sexual imposition charges and a three-year term for the kidnapping charge; the court ordered all sentences to be served concurrently. The trial court classified Miller as a Tier II Sex Offender under the Adam Walsh Act.

{¶3} Miller completed his sentence in 2011 and, in 2012, he filed both a motion to correct registration requirement and a motion to amend motion to correct registration requirement. In his motions, Miller argues that the trial court's classification of him as a Tier II Sex Offender was void because his crimes were committed prior to the effective date of the Adam Walsh Act. The trial court withheld its ruling on the motion pending the Ohio Supreme Court's resolution of a conflict between this court's decision in *State v. Scott*, 8th Dist. Cuyahoga No. 91890, 2011-Ohio-625, and *In re Bruce*, 1st Dist. Hamilton No. C-110042, 2011-Ohio-6634.

{¶4} In *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108,

the Ohio Supreme Court held that application of R.C. Chapter 2950, as amended by S.B. No. 10, to a sex offender who committed an offense prior to the enactment of S.B. No. 10, violates the Ohio Constitution, Article II, Section 28, which prohibits the General Assembly from enacting retroactive laws. Following the Ohio Supreme Court's decision in *Williams,* the trial court issued an order indicating that it would conduct a "sex-offender reclassification hearing."

{¶5} During the hearing, Miller objected to reclassification as a sex offender and argued that because he had completed his sentence for the underlying offenses, the court was without jurisdiction to conduct a reclassification hearing. Miller argued that the appropriate procedure was to vacate the void Tier II classification and not impose any new classification. The state, in support of the reclassification, argued that Miller's status as a sexually oriented offender under Megan's Law attached by operation of law and, as such, the court had the authority to notify him of this status.

{¶6} The court agreed with the state. It vacated Miller's classification as a Tier II sex offender under the Adam Walsh Act and advised him that he would be classified as a sexually oriented offender by operation of law under the version of Megan's law that was in effect at the time of the offense. The court then provided notification and registration requirements.

{¶7} Miller appealed, raising the following assigned error:

Appellant's classification as a Tier II sex offender was unconstitutional and void and the trial court lacked jurisdiction to conduct a reclassification hearing pursuant to Megan's Law because appellant had completed serving his sentence and therefore appellant's reclassification as a sexual oriented

offender is void.

{¶8} Ohio courts have consistently held that a sex-offender classification proceeding under Megan's Law is civil in nature and "distinct from the proceedings governing a defendant's underlying criminal conviction and sentence." *State v. Williams*, 177 Ohio App.3d 865, 2008-Ohio-3586, 896 N.E.2d 725, ¶ 10 (9th Dist.), citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, syllabus; *see also State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 12 (describing Megan's Law as "a civil, remedial law").

{¶9} Further, the Ohio Supreme Court has held that "if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D) and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law[,]" and a hearing to make that determination is not required. *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 18.

{¶10} In the present case, Miller was convicted of gross sexual imposition, which, by its definition, is a sexually oriented offense under Megan's Law because it involves sexual contact. *See State v. Turner*, 2d Dist. Montgomery No. 25115, 2013-Ohio-806, ¶ 16 ("under the provisions of Megan's Law in effect at the time of the offenses, gross sexual imposition was classified as a sexually oriented offense"). Accordingly, and based on the above-recited precedent, Miller's classification as a sexually oriented offender under Megan's Law retroactively attached to his conviction in 2009 by operation of law. We find no merit to Miller's argument that the court lacked jurisdiction to

impose his classification.

{¶11} The judgment of the trial court is affirmed. Miller's sole assignment of error is overruled.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE JR., P.J., and
LARRY A. JONES SR., J., CONCUR