Marshall, C. J.
 

 This cause originated in the court of common pleas of Ashtabula county, Ohio, instituted by Kentucky Joint Stock Land Bank of Lexington against Charley Clendenning and Emily Clendenning to recover personal judgment upon a promissory note and for foreclosure of a mortgage upon real estate given to secure payment of said note. Emily L. Hayes was made a party defendant, and judgment was asked against her in the amount of any deficiency which might remain after applying the proceeds of the sale of the real estate to the debt. The claim against Emily L. Hayes grew out of an alleged assumption of the mortgage by her, that assumption appearing in the warranty clause of a deed executed by the Clendennings to her, subsequent to the execution of the mortgage. Mrs. Hayes claims to have a defense to that claim, but we are not now concerned with the validity of that defense. A summons was issued for her, directed to the sheriff of Cuyahoga county, which was returned “not found.” Thereafter summons was made by publication, and the notice was addressed to her at the Logan Hotel, Washington, D. C. Still later a summons was directed to the sheriff of Stark county, Ohio, the return of the sheriff stating that he had delivered the same to her at her usual place of residence “by delivering a true and certified copy thereof to her at her usual place of residence.” The question to be determined by this review is whether she had a “usual place of residence” in Stark county. If that question is answered in the affirmative, the proceedings which resulted in a deficiency judgment being entered against
 
 *361
 
 her by default were regular. If not, a number of important questions arise.
 

 No summons was served upon her personally in Stark county or at any other place. The attested copy of the summons was in fact left at the home of her daughter, which home the plaintiff believed was the “usual place of residence” of Mrs. Hayes, but which Mrs. Hayes insists was not her residence but that she was merely having a temporary visit with her daughter. The attested copy of the summons eventually came into her possession, and she thereupon carried it to Cleveland, where she consulted an attorney and explained to him that Canton was not her residence, and the attorney thereupon advised her to disregard it. After the deficiency judgment had been entered by default she filed her petition in the cause to vacate the judgment, upon the ground that no legal service had ever been made upon her, and upon the further ground that the alleged assumption of the debt was a fraud upon her, and that she had a valid defense thereto. Issue was joined upon that petition, and the court of common pleas found “that good and valid service was had in this action as upon the defendant Emily L. Hayes and that the court had jurisdiction over her person.” The court further found that she had not shown a valid defense to the claim of plaintiff, and the petition to vacate the judgment was therefore denied at petitioner’s costs.
 

 The court of common pleas, in finding the service of summons to be valid, necessarily found that Canton was her “usual place of residence” at the time the attested copy was left at the home of the daughter. No appeal was taken from the judgment of the court of common pleas, but error was prosecuted, and one of the grounds of that review was that the judgment of the court of common pleas was against the weight of the evidence. Under rule XIX of this court, this court will not weigh conflicting evidence to determine.
 
 *362
 
 whether the lower courts reached correct conclusions. This rule is recognized by counsel for plaintiff in error, but it is claimed that there is no evidence from which a reasonable inference can be drawn that Mrs. Hayes had a residence in Canton where she could be served with summons by leaving an attested copy. We must therefore turn to the evidence to ascertain whether the finding of the court of common pleas has any support.
 

 No other person testified to the contrary, and there is nothing in this record even tending to support the claim of her having a residence in Canton. Her positive statement is not contradicted by any other witness, or by any other circumstance. Standing uncontradicted, it must be accepted as proof, in the absence of any testimony or circumstance from which a contrary inference can be drawn. The record discloses none. The mere fact that she was at her daughter’s home at the time the attested copy was left, but which was not delivered to her personally, would not even tend to establish the fact of residence, because it was made clearly to appear that the dwelling was in fact the home of the daughter, who was married and living with her husband at that place. It was apparently the purpose of the cross-examiner to endeavor to show that she had no other residence, from which it was apparently the theory of counsel that, if she had no residence at any other place, then she must have had a residence at the place where she was personally present at that time. If this was the theory, it finds no support in the common law in this or any other state. If it had been established by plaintiff, or admitted by Mrs. Hayes, that she had at one time a residence at Broad avenue, Canton, Ohio, and had never thereafter established a residence at any other place, the theory of plaintiff would find support in the authorities.
 

 Certain exhibits were received in evidence. The
 
 *363
 
 first to be noticed is an affidavit of O. R. Barnes, attorney for Clendenning, made to obtain service by publication, in which affidavit it is stated that Emily L. Hayes resided at Logan Hotel, Washington, D. C., on December 24, 1929. This of course would not be conclusive. On December 20, 1929, Mr. Barnes wrote Mrs. Hayes a letter addressed to 12962 Clifton Boulevard, Cleveland, Ohio, asking her present correct address and stating that he wished to communicate with her. To this letter she replied that her present address was 1214 Broad Avenue, Northwest, Canton, Ohio. This is equally lacking in probative value, because it merely stated where mail would be received.
 

 The only other testimony received at the hearing was the oral testimony of Mrs. Hayes, who told of different places in Cleveland where she had had a residence, giving the last Cleveland residence as Cornell road, and stating that she had given up that residence about October 1, 1929, and had removed to the Logan Hotel, Washington, D. C. She stated thait Washington, D. C., continued to be her residence up to the time she offered her testimony, on April 15, 1931. She was thereupon subjected to a rigid cross-examination, which failed to make any changes whatever in her answers. She was in fact at 1214 Broad Avenue, Northwest, Canton, Ohio, at the time the attested copy of the summons was left at that place, though the same was not personally served upon her. Her explanation was that she was there on a visit with her daughter, having arrived a short time before Christmas, and that she remained until the latter part of January. No other person testified to the contrary.
 

 The term “residence” does not lack legal definition. Nor do the definitions lack uniformity. Whatever differences are found in the decisions are the logical distinctions of different purposes and subject-matters. A residence for suffrage, or for taxation, is not neces
 
 *364
 
 sarily the same as that for purposes of jurisdiction. The term “residence,” as employed in different statutes, must therefore depend upon the context and legislative purpose and intent.
 
 Raymond
 
 v.
 
 Leishman,
 
 243 Pa., 64, 69, 89 A., 791, L. R. A., 1915A, 400, Ann. Cas., 1915C, 780;
 
 Towson
 
 v.
 
 Towson,
 
 126 Va., 640, 102 S. E., 48;
 
 Tyler
 
 v.
 
 Murray,
 
 57 Md., 418, 441. We are only concerned in the instant case with jurisdiction. For such purpose no particular time is required to establish a residence, but it must have the character of >a settled or fixed abode, which includes an element of permanency. Permanency is necessary only in the sense of being indefinite in point of time and that there be no present intention of a future removal therefrom. If Mrs. Hayes had been dependent upon her daughter, or if her daughter had been dependent upon her, strong inferences could be drawn therefrom. The record shows no such dependence. The daughter is married and living with her husband, and Mrs. Hayes is an unmarried unattached woman, free to come and go at will, and her statement that she was visiting her daughter finds no contradiction either in statement or circumstance.
 

 The right to be served only by leaving an attested copy at one’s residence is a substantial right. Where a party is served personally, there is no doubt of notice. Service by leaving may or may not result in notice. The mere fact that the summons was later received in the instant case is not decisive. We are concerned with a rule, not the event of the instant case. The transient and temporary presence of the defendant in a place which is the unquestioned residence of another does not meet the terms of the statute. Whether it was permanent in the sense of being for a period of indefinite duration, or merely transient or temporary, was a question of fact. The trial court had jurisdiction to hear and determine this fact upon testimony and to draw any reasonable inference
 
 *365
 
 from the testimony adduced. The defendant, who challenged the jurisdiction over her person, testified in her own behalf. If another witness had given testimony which contradicted her upon essential points, or if she had contradicted herself, or had made admissions which tended to support the claim of residence in Canton, a wholly different situation would be presented. The trial court could not wholly disregard her uncontradicted testimony. Neither could it draw inferences directly contrary to her affirmative statements. The court therefore erred in finding that good and valid service was had upon her, and that the court had jurisdiction over her person.
 

 The court further found that she had not shown a valid defense to the action. Ordinarily it is necessary that such a showing be made in order to set aside a default judgment and to entitle the party to a hearing upon the issues made by the pleadings. Section 11632, General Code, governs. The petition to set aside the judgment was filed after term. That section provides:
 
 “A
 
 party against whom a judgment or order has been rendered without other service than by publication in a newspaper, within five years after the date of the judgment or order, may have it opened and be let in to defend. Before the judgment or order can be opened, the applicant shall give notice to the adverse party of his intention to make the application, file a full answer to the petition, pay all costs, if the court requires them to be paid, and make it appear, to the satisfaction of the court, that during the pend-ency of the action he had no actual notice thereof in time to appear and make his defense. Each party may present affidavits.”
 

 If the defendant had been personally served, or entered a voluntary appearance, a default judgment could not be set aside without showing a valid defense. On the other hand, if the court had not acquired jurisdiction over her person, a finding of that fact
 
 ipso
 
 
 *366
 

 facto
 
 renders the judgment a nullity. This is so upon reason as well as authority. This exact question was determined by this court in
 
 Kingsborough
 
 v.
 
 Tousley,
 
 56 Ohio St., 450, 47 N. E., 541. We quote the syllabus as follows:
 

 “1. In an action on a personal judgment, whether rendered by a court of this state or elsewhere, it is competent to plead and prove in defense, though it be in contradiction of the record, that the defendant was not served with process, nor jurisdiction of his person otherwise obtained by the court rendering the judgment.
 

 “2.
 
 Such a defense is not within the rule which forbids the collateral impeachment of judgments, but is in the nature of a direct attack upon the judgment.
 

 “3. An answer in such case is not defective because it fails to state a defense to the cause of action on which the judgment is founded.”
 

 If the court had had jurisdiction over the person of Mrs. Hayes at the time of the entry of the default judgment, it would have been necessary for her to make a showing of a valid defense before the court could properly set aside the judgment. The court would have had the right to determine whether she had a valid defense, and, if that determination had been adverse to her, it would have ended the controversy. We are of the opinion under this evidence that the court should have found that jurisdiction of her person had not been acquired. Under such a finding, measured by the third paragraph of the syllabus in
 
 Kingsborough
 
 v.
 
 Tousley,
 
 the judgment should have been vacated whether or not there had been a showing of a valid defense, because it was rendered without jurisdiction. That decision was rendered thirty-five years ago and has never been overruled, or even questioned. Upon the authority of the syllabus of that case, supported as it is by a well-reasoned opinion, the judgment against Mrs. Hayes
 
 *367
 
 should he set aside. In the event personal service is obtained upon Mrs. Hayes, she will be entitled to have the issues submitted to a jury. The judgment of the Court of Appeals will be reversed and this court will order the judgment to be entered which the court of common pleas should have entered.
 

 Judgment reversed and final judgment vacating the personal judgment against Mrs. Hayes.
 

 Judgment reversedl.
 

 Jones, Matthias, Dat, Ahhen, Kinkade and Stephenson, JJ., concur.