**Carlock v. Coleman**
*[Cite as 5 AOA 110]*

*Case No. 89 C.A. 121*
*Mahoning County, (7th)*
*Decided August 22, 1990*

*Anthony M. Gemma, 900 Wick Building, Youngstown, Ohio 44503, for Plaintiff-Appellee, Cross-Appellant.*

*David C. Comstock, Jr., Comstock, Springer & Wilson, 926 City Centre One, P.O. Box 6306, Youngstown, Ohio 44501, and Don W. Humphrey, Jr., Hyatt Legal Services, 7050 Market Street, #104, Youngstown, Ohio 44512, for Defendants-Appellants, Cross-Appellees.*

O'NEILL, P.J.

On October 27, 1986, the plaintiff-appellee, cross-appellant filed a complaint in the trial court naming Kenneth R. Coleman as the sole defendant. The complaint alleged that, on April 8, 1986, while the plaintiff-appellee, cross-appellant was operating a motor vehicle, the defendant, Kenneth R. Coleman, recklessly and negligently operated a motor vehicle causing a collision with the plaintiff and that, as a direct and proximate result of that negligence, the plaintiff had suffered injuries. A copy of the complaint was served on Kenneth R. Coleman by way of certified mail on October 29, 1986.

On January 20, 1987, the plaintiff-appellee, cross-appellant filed an amended complaint naming as defendants, Kenneth R. Coleman and Roosevelt C. Coleman. The complaint, in its first count contained the same allegations as those contained in the original complaint. However, the amended complaint contained a second count which alleged that Roosevelt Coleman was the owner of the automobile being operated by Kenneth Coleman at the time of the aforestated automobile accident and went on to allege that Roosevelt Coleman was negligent in his entrustment of the motor vehicle to Kenneth R. Coleman. The amended complaint contained instructions requesting service of summons and a copy of the complaint upon both defendants by personal service. Contained in the original papers of the case is a return of service of summons supposedly signed by a deputy sheriff of Mahoning County reflecting that the amended complaint had been served upon Kenneth and Roosevelt Coleman on January 24th, 1987. There were never any answers filed as to the original complaint or as to the amended complaint.

On March 30, 1987, in response to a motion, the court granted the plaintiff-appellee cross-appellant default judgment as to Kenneth Coleman and Roosevelt Coleman and the matter was set as to assessment of damages for May 6, 1987. Following the hearing for assessment of damages, the trial judge signed and filed his judgment entry reflecting that the plaintiff-appellee cross-appellant was awarded judgment against the defendants, Kenneth Coleman and Roosevelt Coleman, jointly and severally, in the sum of $25,000.00 together with interest and costs. On April 28, 1989, Kenneth R. Coleman and Roosevelt Coleman filed a motion with the trial court requesting the court to vacate the previous default judgment entered by the court. By way of memorandum attached to the motion to vacate, the defendants contended that Roosevelt Coleman and Kenneth Coleman had not been served with copies of the amended complaint and further contended that neither had received any notice of the hearing to assess damages.

Following the evidentiary hearing, the trial judge signed and filed his judgment entry reflecting that service had been had on Kenneth R. Coleman on the plaintiff's original complaint but that service was not had on Roosevelt Coleman on plaintiff's amended complaint. The court went on to state that Kenneth R. Coleman was in default of answer upon which the judgment in default was based. In conclusion, the trial judge ruled that the motion to vacate judgment entered against Roosevelt C. Coleman was well taken and the motion was sustained and the default judgment was vacated and held for naught. The court went on to state that the motion to vacate the default judgment entered against Kenneth R. Coleman was overruled.

Kenneth R. Coleman filed a notice of appeal with this court and Harriett Carlock filed a cross-appeal.

We shall consider first the assignment of error raised by the defendant-appellant, cross-appellee, Kenneth R. Coleman.

The defendant-appellant cross-appellee, Kenneth R. Coleman, by way of his assignment of error, contends that an amended pleading, which is complete and does not refer to or adopt a former pleading as part of it, supersedes the former pleading.

"*** the provisions of the Rule [15] regarding the relation back of amendments necessarily

imply that the amended pleading takes the place of the original. Therefore, the Civil Rule does not alter the well-settled general rule that an amended pleading which is complete in itself, and does not refer to or adopt a former pleading as a part of it, supersedes the former pleading. As one court has stated, it is hornbook law that an amended pleading supersedes the original, the latter being treated thereafter as nonexistent. ***", 75 Ohio Jur. 343, Pleading, Sec. 469.

"*** Likewise it is elementary law that when a party substitutes an amended petition for an earlier one, this constitutes an abandonment of the earlier pleading and a reliance upon the amended one. The earlier ·pleading becomes *functus* officio." state, Ex *Rel Talaba v. Moreland,* (1936),132 Ohio St. 71, 75.

In pursuit of the foregoing reasoning, if the trial court was to grant default judgment in view of the filed amended complaint, the trial judge could only grant default judgment in relation to the amended complaint.

At the evidentiary hearing, Roosevelt Coleman was called as a witness. His attention was directed to the amended complaint and he was asked specifically:

"Q. Were you ever handed a copy of a complaint by anybody stating that they were an officer of the court or police officer or sheriff or anything like that?

"A. No, never.

"Q. You don't recall anybody coming to the house and knocking on your door and giving you an official document?

"A. Never." (Tr. 10).

"Q. Did the sheriff give you anything?

"A. No, no, the sheriff never came to my house and presented me anything." (Tr. 11).

During cross-examination, the following dialogue took place:

"Q. Now, you told us that you deny having been delivered suit papers by a sheriff's deputy regarding this case; is that correct?

"A. That is correct.

"Q. Do you know whether or not those papers were ever delivered to your son?

"A. No, I don't know. All I know is that he says no one ever delivered anything." (Tr. 13)

Under redirect examination, counsel for Roosevelt Coleman posed the following question:

"Q. Mr. Coleman, counsel has indicated and inquired of you in great length about your logic of your actions, the likelihood of your actions, and I would like to inquire along that line. At the time of the original automobile accident that Kenneth was involved in did you have in force a valid insurance liability policy on Kenneth?

"A. Yes, full coverage.

"Q. If you had been given notification in a fashion that you understood that you were being sued for money, would you have turned that matter immediately over to your insurance company for handling?

"A. Immediately, immediately. That's why I carry it for." (Tr. 30)

Kenneth Coleman was called as a witness and admitted, under direct examination, that he had received a certified copy of the original complaint. Further questioning took place.

"Q. Were you ever personally served by a sheriff or a police officer or anybody stating that they were an official from the court handing you a copy of a lawsuit?

"A. No." (Tr. 41-42).

As we have previously noted, contained amongst the original papers is a summons signed by a person, supposedly a deputy sheriff, and reflecting that the amended complaint had been served on January 24, 1987. This person was not called as a witness. Where the original papers in a case contain a return of service indicating that service was made, a presumption arises that the service was valid. However, this presumption is rebuttable by sufficient evidence. *Grant v. Ivy* (1980), 69 Ohio App. 2d 40. In *Hayes v. Kentucky Joint Stock Land Bank of Lexington* (1932), 125 Ohio St. 359, at 365, the Ohio Supreme Court stated:

"*** The defendant, who challenged the jurisdiction over her person, testified in her own behalf. If another witness had given testimony which contradicted her upon essential points, or if she had contradicted herself, or had made admissions which tended to support the claim of residence in Canton, a wholly different situation would be presented. The trial court could not wholly disregard her uncontradicted testimony. Neither could it draw inferences directly contrary to her affirmative statements. The court therefore erred in finding that good and valid service was had upon her, and that the court had jurisdiction over her person."

The rationale of the *Hayes* case has also been followed in the cases of *Rafalski v. Oates* (1984), 17 Ohio App. 3d 65 and *Nationwide Insurance Co. v. Mahn* (1987), 36 Ohio App. 3d 251. The basic position of Ohio law is that, whenever possible, cases should be decided on their merits. *Perotti v. Ferguson* (1983), 7 Ohio St. 3d 1, 3.

The action of the trial court, in vacating the judgment relative to Roosevelt C. Coleman, is affirmed. The action of the trial court, in denying the vacation of judgment as to Kenneth R. Coleman is reversed and this cause is remanded for further proceedings.

DONOFRIO, J., COX, J., concur.