[Cite as *Bank of New York Mellon v. Wahle*, 2011-Ohio-6737.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BANK OF NEW YORK

    Appellee

    v.

JOSEPH F. WAHLE, et al.

    Appellant

C.A. No.    25789

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010 03 2074

DECISION AND JOURNAL ENTRY

Dated: December 28, 2011

DICKINSON, Judge.

## INTRODUCTION

{¶1}    Joseph Wahle has attempted to appeal the Summit County Common Pleas Court's grant of summary judgment in favor of Bank of New York Mellon in this foreclosure action. We must dismiss it because two of the orders he has attempted to appeal are interlocutory and the third is a nullity.

## BACKGROUND

{¶2}    The Bank of New York Mellon initiated a mortgage foreclosure action against Mr. Wahle. After the bank moved for summary judgment, Mr. Wahle hired a lawyer. He then amended his answer and opposed the bank's motion for summary judgment.

{¶3}    On November 30, 2010, the trial court granted summary judgment to the bank and ordered it to "submit its proposed judgment entry and decree of foreclosure to the Court within thirty (30) days[.]" Thus, the trial court's order of November 30 did not list the outstanding

liens, prioritize them, or order foreclosure. Mr. Wahle moved for reconsideration of the summary judgment decision. On December 15, 2010, the trial court denied Mr. Wahle's motion for reconsideration. The same day, the bank moved for default judgment against Mortgage Electronic Registration Systems Inc.

**{¶4}** Mr. Wahle filed a notice of appeal on December 29, indicating his intent to appeal the trial court's orders of November 30 and December 15. The clerk of courts assigned that notice of appeal case number 25745. The next day, the trial court granted the bank's motion for default judgment against Mortgage Electronic Registration Systems Inc. In its order of December 30, 2010, the trial court also ordered foreclosure and prioritized the liens.

**{¶5}** On January 28, 2011, Mr. Wahle filed a second notice of appeal, indicating his intention to appeal the trial court's entry of December 30, 2010, in addition to those of November 30 and December 15. On February 4, 2011, this Court dismissed case number 25745 for lack of an appealable order because both the November 30 and December 15 entries were interlocutory. In a foreclosure case, the judgment must resolve "all remaining issues . . . including what other liens must be marshaled before distribution is ordered, the priority of any such liens, and the amounts that are due the various claimants." *Mortgage Elec. Registration Sys. Inc. v. Green Tree Servicing LLC*, 9th Dist. No. 23723, 2007-Ohio-6295, at ¶9. This attempted appeal involves only the notice of appeal filed January 28, 2011.

## JURISDICTION

**{¶6}** Unless an exception applies, Rule 4(A) of the Ohio Rules of Appellate Procedure requires a notice of appeal to be filed within 30 days of the entry appealed. A failure to meet the deadline deprives this Court of jurisdiction to consider the merits of the appeal. *State v. Lewis*, 9th Dist. No. 25080, 2011-Ohio-2014, at ¶22. In this case, Mr. Wahle filed his notice of appeal

on January 28, 2011. That was within the thirty-day time limit for appealing the trial court's entry of December 30, 2010. Further, if the December 30, 2010, entry were a properly appealable judgment, the November 30 and December 15 orders would have merged into that judgment and also could have been addressed on appeal.

{¶7} A trial court, however, loses jurisdiction over a case once it has been appealed, except to take action in aid of the appeal. *In re S.J.*, 106 Ohio St. 3d 11, 2005-Ohio-3215, at ¶9. The trial court lost jurisdiction over this case on December 29, 2010, when Mr. Wahle filed his first notice of appeal. That attempted appeal remained pending until February 2011. Therefore, the trial court acted without jurisdiction by entering an order on December 30, 2010. That order is void and cannot be appealed. See *id.* at ¶15.

## CONCLUSION

{¶8} Mr. Wahle may not now appeal the trial court orders of November 30 and December 15, 2010, because they are interlocutory. He may not appeal the December 30, 2010, entry because it is a nullity. This attempted appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
MOORE, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

JACK W. MORRISON, JR., Attorney at Law, for Appellant.

DEANNA STOUTENBOROUGH, Attorney at Law, for Appellee.