[Cite as *Parra v. Continental Tire*, 2012-Ohio-4138.]

STATE OF OHIO   )   IN THE COURT OF APPEALS
         )ss:  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT  )

MARIA ELISA POZO PARRA, et al.   C.A. No.  26315

  Appellants

  v.          APPEAL FROM JUDGMENT
            ENTERED IN THE
CONTINENTAL TIRE THE AMERICAS  COURT OF COMMON PLEAS
LLC, (FKA: Continental Tire North   COUNTY OF SUMMIT, OHIO
America, Inc., an Ohio Corporation)   CASE No.  MS 2011 00 0027

  Defendant

  and

STUART SONG

  Appellee

DECISION AND JOURNAL ENTRY

Dated: September 12, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} Plaintiffs in three product liability suits in Arizona state court joined in this action to petition the Summit County Common Pleas Court to issue a subpoena to a purported Ohio resident under the Uniform Foreign Depositions Act. The trial court issued the subpoena, but later quashed it due to a failure of service and granted the prospective deponent's motion to dismiss the suit with prejudice. Two weeks later, the trial court purported to sua sponte vacate its order of dismissal. The Arizona plaintiffs timely appealed the order of dismissal and also assigned as error the trial court's quashing of the subpoena. This Court affirms in part and

reverses in part. The order dismissing the suit is reversed because the trial court incorrectly granted the motion to dismiss without giving the opposition fourteen days to file a response as required by local rule. The trial court's order quashing the subpoena is affirmed because its factual determination that the address at which residential service was attempted was not the prospective deponent's usual place of residence was not against the manifest weight of the evidence.

BACKGROUND

{¶2} In September 2011, Maria Elisa Pozo Parra, Jorge Isibar Montoya, and Josefina Veliz petitioned the Summit County Common Pleas Court to issue a subpoena duces tecum under the Uniform Foreign Depositions Act. *See* R.C. 2319.08 et seq. The three petitioners are plaintiffs in three separate product liability actions pending in the Superior Court of Maricopa County, Arizona, against an Ohio corporation now known as Continental Tire the Americas LLC. In the Arizona lawsuits, each of the plaintiffs alleged that tires manufactured by Continental at a plant in Mayfield, Kentucky, had separated causing serious injuries and fatalities. As part of those product liability suits, the Arizona plaintiffs sought to depose Stuart Song, a former employee of Ford Motor Company, regarding inspections he had conducted of the relevant Continental Tire manufacturing facility in Kentucky.

{¶3} The Arizona plaintiffs requested that the Summit County Common Pleas Court issue a subpoena duces tecum to Mr. Song at 254 Filmore Avenue in Cuyahoga Falls, his purported residence. On September 9, 2011, the Summit County Common Pleas Court granted the petition and issued the subpoena. The return of service indicates that a specially appointed process server delivered the subpoena to "James Swanson, Adult Co-Resident / Father In law of Stuart Song" at the Cuyahoga Falls residence four days later.

{¶4} Mr. Song moved to quash the subpoena, arguing that he does not live in Cuyahoga Falls, but at some undisclosed location in Europe. On January 24, 2012, the trial court granted Mr. Song's motion to quash the subpoena. The next day, Mr. Song moved to dismiss the suit. Before the trial court ruled on the motion to dismiss, the Arizona plaintiffs filed a notice of taking Mr. Swanson's deposition. On January 31, 2012, six days after the motion to dismiss was filed, the trial court granted it. Apparently unaware of the dismissal, the Arizona plaintiffs responded in opposition to the motion to dismiss on February 6, 2012. On February 16, the trial court sua sponte purported to vacate its order of dismissal. On February 24, the Arizona plaintiffs appealed the trial court's January 31 order granting Mr. Song's motion to dismiss and also assigned as error the January 24 order granting the motion to quash the subpoena.

## MOTION TO DISMISS

{¶5} Mr. Song has not filed an appellate brief. Therefore, under Rule 18(C) of the Ohio Rules of Appellate Procedure, this Court "may accept the appellant[s'] statement of the facts and issues as correct and reverse the judgment if appellant[s'] brief reasonably appears to sustain such action."

{¶6} The Arizona plaintiffs' first assignment of error is that the trial court incorrectly granted Mr. Song's motion to dismiss without permitting a response in opposition as required by local rule. Under Local Rule 7.14(A) of the General Division of the Summit County Common Pleas Court, "[w]ithin ten (10) days after receipt of a copy of a motion, except a motion for summary judgment, opposing counsel shall prepare and file a response to the motion . . . . At any time after fourteen (14) days from the date of filing of the motion, the assigned judge may rule upon the motion. In the interest of justice, the assigned judge may enter a ruling at an earlier

date if so required." In this case, the trial court ruled on Mr. Song's motion to dismiss six days after it was filed.

{¶7} This Court has held that, under certain circumstances, a trial court may deviate from its own local rule in a particular case. *See, e.g., Yanik v. Yanik*, 9th Dist. No. 21406, 2003-Ohio-4155, ¶ 9. "In cases where the local rule is merely administrative, is designed to facilitate case management, and does not implicate constitutional rights, the trial court is not bound to comply with it." *Wallner v. Thorne*, 189 Ohio App. 3d 161, 2010-Ohio-2146, ¶ 21 (9th Dist.) (citing *Smith v. Conley*, 109 Ohio St. 3d 141, 2006-Ohio-2035, ¶ 6–10). On the other hand, "[if] the trial court's failure to comply with local rules implicates issues of due process, depriving a party of a 'reasonable opportunity to defend' against the disposition of the case in favor of the other party, the trial court is bound to comply with its local rules." *Id.* (citing *Hillabrand v. Drypers Corp.*, 87 Ohio St. 3d 517, 518–20 (2000)).

{¶8} In this case, the local rule permitted the trial court to rule on the motion before 14 days had passed if "required" "in the interest of justice." Rule 7.14(A) of the Court of Common Pleas of Summit County, General Division. Mr. Song has not offered any argument in support of the trial court's decision to rule on his motion eight days early, and this Court is not aware of any. In the case of a motion to dismiss an action, basic principles of due process require that the opposing party be given a reasonable opportunity to defend against the motion. Therefore, the trial court should have complied with its local rule in this case. The trial court incorrectly granted Mr. Song's motion to dismiss. The plaintiffs' first assignment of error is sustained.

## MOTION TO QUASH:  JURISDICTION

{¶9}  The Arizona plaintiffs' second assignment of error is that the trial court should not have granted the motion to quash the subpoena.  Before addressing the merits of this assignment of error, this Court must consider whether it has jurisdiction to do so.

{¶10}  Unless an exception applies, Rule 4(A) of the Ohio Rules of Appellate Procedure requires a notice of appeal to be filed within 30 days of the entry appealed.  A failure to meet the deadline deprives this Court of jurisdiction to consider the merits of the appeal.  *Bank of New York Mellon v. Wahle*, 9th Dist. No. 25789, 2011-Ohio-6737, ¶ 6.  In this case, the trial court granted the motion to quash on January 24, 2012, and the Arizona plaintiffs filed a notice of appeal 31 days later on February 24.  Therefore, we must first consider whether the order quashing the subpoena was immediately appealable when it was entered.

### Final Order

{¶11}  This ancillary action initiated under the Uniform Foreign Depositions Act is a "provisional remedy" as that term is used in Section 2505.02(B)(3) of the Ohio Revised Code.  R.C. 2505.02(B)(3) (defining "[p]rovisional remedy" as "a proceeding ancillary to an action"); s*ee also Lampe v. Ford Motor Co*., 9th Dist. No. 19388, 2000 WL 59907, *2 (Jan. 19, 2000).  Under Section 2505.02(B)(4), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, [if] it is . . . "[a]n order that grants or denies a provisional remedy and . . . [t]he order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy . . . [and] [t]he appealing party would not be afforded a meaningful and effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

**{¶12}** The trial court's order granting the motion to quash the subpoena denied the Arizona plaintiffs the provisional remedy they sought. The ruling in effect determined the action with respect to the provisional remedy. Without an immediate appeal of that decision, the Arizona plaintiffs would not be afforded a meaningful and effective remedy by appeal in Arizona courts following final judgment in the underlying actions. As the trial court's January 24 order quashing the subpoena meets the requirements of Section 2505.02(B)(4), it had to be appealed within 30 days, unless some exception applies. App. R. 4(A).

### Appeal Time Tolled

**{¶13}** Under Rule 4(A) of the Ohio Rules of Appellate Procedure, "[a] party shall file the notice of appeal required by [Appellate Rule] 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." "[Appellate Rule] 4(A) thus contains a tolling provision that applies in civil matters when a judgment has not been properly served on a party according to [Civil Rule] 58(B)." *In re Anderson*, 92 Ohio St. 3d 63, 67 (2001). "[Civil Rule] 58(B) requires the court to endorse on its judgment 'a direction to the clerk to serve upon all parties . . . notice of the judgment and its date of entry upon the journal.'" *Id.* (quoting Civ.R. 58(B)). "The clerk must then serve the parties within three days of entering judgment upon the journal." *Id.* "The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B)." *Id.* (quoting *Whitehall ex rel. Fennessy v. Bambi Motel Inc.*, 131 Ohio App. 3d 734, 741 (10th Dist. 1998)).

{¶14} In this case, the trial court seems to have attempted to direct the clerk of courts to serve notice of the order on the parties by writing "cc: Attorney John R. Chlysta" and "Attorneys Justin D. McCarty / Thomas F. Dasse" below the signature line on the last page of the entry granting the motion to quash the subpoena. *See In re Anderson*, 92 Ohio St. 3d 63, 67 (2001). The clerk of courts, however, did not make any notation on the docket regarding service of the judgment on any party. Under Rule 4(A) of the Ohio Rules of Appellate Procedure, in a civil case, if service of the notice of judgment required by Civil Rule 58(B) is not made on a party within the three-day period provided by that rule, then the notice of appeal from that judgment need not be filed until the party is served and service is entered on the docket. As in *Anderson*, the time for the Arizona plaintiffs to file a notice of appeal in regard to the granting of the motion to quash the subpoena never began to run because service of the notice of that order was not made within the three-day period provided in Rule 58(B) of the Ohio Rules of Civil Procedure. App. R. 4(A); s*ee In re Anderson*, 92 Ohio St. 3d at 67. Because the appeal was timely filed under Appellate Rule 4(A), this Court has jurisdiction to reach the merits of the second assignment of error.

Designation in the Notice of Appeal

{¶15} There is another question this Court must consider before turning to the merits because the notice of appeal filed by the Arizona plaintiffs did not include any reference to the trial court's order quashing the subpoena. Rule 3(D) of the Ohio Rules of Appellate Procedure provides that "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." Appellate Rule 3 also provides that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal,

but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." App. R. 3(A). Interpreting Rule 3(A), the Ohio Supreme Court has held that "the only jurisdictional requirement for a valid appeal is the timely filing of a notice of appeal. When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion." *Transamerica Ins. Co. v. Nolan*, 72 Ohio St. 3d 320, syllabus (1995). "The purpose of a notice of appeal . . . is to '. . . apprise the opposite party of the taking of an appeal." *Maritime Mfrs. Inc. v. Hi–Skipper Marina*, 70 Ohio St. 2d 257, 259 (1982) (quoting *Capital Loan & Sav. Co. v. Biery*, 134 Ohio St. 333, 339 (1938)). "If this is done beyond [the] danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished." *Id.* (quoting *Couk v. Ocean Accident & Guar. Corp.*, 128 Ohio St. 110, 116 (1941)).

**{¶16}** In this case, there is no indication that Mr. Song was misled by the notice of appeal that referred only to the order of dismissal. The Arizona plaintiffs' second assignment of error is that "the trial judge abused his discretion by granting the motion to quash." They attached to their appellate brief a copy of the trial court's order granting the motion to quash and certified that they served the brief by regular mail on lawyers for Continental Tire and Stuart Song on April 9, 2012. On May 2, Continental Tire certified an automatic 20-day extension of time to file an appellee's brief. The deadlines passed, however, without either Mr. Song or Continental Tire filing an appellate brief.

**{¶17}** There is no evidence that Mr. Song was prejudiced or taken by surprise by the Arizona plaintiffs' inclusion on appeal of the substantive dispute in the case, that is, the quashing of the subpoena. *See, e.g., In re C.S.*, 9th Dist. No. 08CA0050, 2009-Ohio-1298, ¶ 21-22 (citing

*Armbruster v. Hampton*, 9th Dist. No. 05CA008716, 2006-Ohio-4530). "[J]ustice is ultimately best served by an attitude of judicial tolerance toward minor errors, made in good faith, which pose no danger of prejudice to the opposing party or to the court's essential functions." *S. Christian Leadership Conference v. Combined Health Dist.*, 191 Ohio App. 3d 405, 2010-Ohio-6550, ¶ 11 (2d Dist.) (quoting *Nat'l Mut. Ins. Co. v. Papenhagen*, 30 Ohio St. 3d 14, 16 (1987)). As there is no indication of prejudice or bad faith and the time for appeal of the January 24, 2012, entry granting the motion to quash has not yet begun to run, we will consider the merits of the second assignment of error.

MOTION TO QUASH: MERITS

{¶18} The Arizona plaintiffs' second assignment of error is that the trial court should not have granted the motion to quash the subpoena of Mr. Song. In his motion to quash, Mr. Song argued that, because he has lived in Europe for years, the subpoena was not properly served on him in Cuyahoga Falls, he is beyond the subpoena power of any Ohio court, and his compliance with the subpoena would be unduly burdensome for him. The trial court granted the motion to quash because it determined that Mr. Song was not properly served with the subpoena and is beyond the subpoena power of the court. The trial court found that 254 Filmore Avenue in Cuyahoga Falls is not Mr. Song's usual place of residence.

{¶19} Rule 45(B) of the Ohio Rules of Civil Procedure provides that a subpoena may be served "by delivering a copy of the subpoena to the person, by reading it to him or her in person, [or] by leaving it at the person's usual place of residence . . . ." In this case, the Arizona plaintiffs attempted residential service by leaving the subpoena at Mr. Song's father-in-law's residence in Cuyahoga Falls. The efficacy of such service depends on whether, at the time of service, that was Mr. Song's "usual place of residence."

{¶20} Mr. Song filed a motion to quash the subpoena supported by an affidavit. In the affidavit, he testified that he lives in Europe and has never lived at his father-in-law's address in Cuyahoga Falls. The Arizona plaintiffs opposed the motion to quash with evidence from the Ohio Bureau of Motor Vehicles, showing that on December 29, 2008, the State of Ohio issued Mr. Song a driver's license. The record contains an application for the license indicating that Mr. Song told the Bureau of Motor Vehicles that his address was "254 Filmore Ave., Cuyahoga Falls 44221." The application also indicated that Mr. Song had been a "[r]esident" of Ohio for the prior 10 years and that, at the time of the application, he had a current Ohio driver's license. The Arizona plaintiffs also opposed the motion to quash with a hearing transcript from a similar motion to quash filed by Mr. Song in another Summit County case in 2009. They did not, however, include the transcript of the hearing the trial court conducted on the motion to quash in this case. Therefore, if any further evidence was taken at that hearing, we cannot consider it.

{¶21} The issue in this case is whether the subpoena was properly served on Mr. Song. That issue turns on the question of whether, on the date of the attempted service, Mr. Song's "usual place of residence" was 254 Filmore Avenue in Cuyahoga Falls. The Ohio Rules of Civil Procedure do not define the term "usual place of residence," as used in Rule 45.

{¶22} In *Hayes v. Kentucky Joint Stock Land Bank of Lexington*, 125 Ohio St. 359, 361-63 (1932), the Ohio Supreme Court reviewed the sufficiency of the evidence supporting the trial court's determination that a woman's "usual place of residence" was her adult daughter's house in Canton, where she happened to be visiting at the time residence service of process was attempted. The Supreme Court determined that an exhibit indicating that the woman's mail was sent to her daughter's house was "lacking in probative value." *Id.* The woman testified that she had given up her residence in Canton months before service was attempted and had moved to a

hotel in Washington, D.C. She said that she did not live with her daughter, but was merely visiting her from late December until late January.

{¶23} The Supreme Court acknowledged that the term "residence" is used slightly differently in various legal contexts, but noted that "[w]hatever differences are found in the decisions are the logical distinctions of different purposes and subject-matters." *Hayes v. Kentucky Joint Stock Land Bank of Lexington*, 125 Ohio St. 359, 363 (1932). For the purpose of invoking jurisdiction through service of process, the Court explained that "no particular time is required to establish a residence, but it must have the character of a settled or fixed abode, which includes an element of permanency. Permanency is necessary only in the sense of being indefinite in point of time and that there be no present intention of a future removal therefrom." *Id.* at 364. The Supreme Court explained that "a wholly different situation would be presented" if another witness had given contradictory testimony or if the woman had contradicted herself on essential points. *Id.* at 365. As it was, the Court held that the trial court could not wholly disregard the woman's uncontradicted testimony that her daughter's house was not her residence despite her extended stay at that location during the holiday season. *Id.*

{¶24} The Arizona plaintiffs have essentially argued that the trial court's finding that 254 Filmore was not Mr. Song's usual place of residence was against the manifest weight of the evidence. When reviewing the manifest weight of the evidence in a civil case, this Court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Eastley v. Volkman*, 132 Ohio St. 3d 328, 2012–Ohio–2179, ¶ 20 (quoting *Tewarson v. Simon*, 141 Ohio App. 3d 103, 115 (9th Dist. 2001)).

**{¶25}** On October 13, 2011, Mr. Song signed an affidavit indicating that he has never lived at 254 Filmore Avenue, that he has lived in Europe for six years, and he intends to continue living overseas for the foreseeable future. Mr. Song also testified by affidavit that he does not own any real property in Ohio, although he does occasionally receive mail forwarded to him from his father-in-law who resides at 254 Filmore Avenue in Cuyahoga Falls. The opposition presented documentary evidence tending to show that, on December 29, 2008, Mr. Song applied for an Ohio's driver's license and claimed to be an Ohio resident living at 254 Filmore Avenue in Cuyahoga Falls. The primary problem with the quality of evidence presented to contradict Mr. Song's affidavit is the timing of his license application. Evidence that Mr. Song claimed to live at 254 Filmore Avenue in December 2008 may be some evidence that it was his usual place of residence at that time, but it does not tend to show that it was his usual place of residence in September 2011 when service was attempted. We cannot say that the trial court created a manifest miscarriage of justice by determining that, in September 2011, Mr. Song's usual place of residence was not 254 Filmore Avenue in Cuyahoga Falls. The second assignment of error is overruled.

## CONCLUSION

**{¶26}** The first assignment of error is sustained because the trial court should have followed its own local rule requiring the trial court to wait fourteen days before ruling on the motion to dismiss. The second assignment of error is overruled because the trial court's conclusion that 254 Filmore Avenue in Cuyahoga Falls was not Mr. Song's usual place of residence in September 2011 is not against the manifest weight of the evidence. The judgment of the Summit County Common Pleas Court is affirmed in part and reversed in part.

Judgment affirmed in part,
reversed in part,

and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
CONCURS.

BELFANCE, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

**{¶27}** Assuming this Court possessed all the evidence submitted with respect to the motion to quash, I would have analyzed the issue differently and possibly come to a different result.  However, because the transcript of the hearing on the motion to quash is not part of the record on appeal, this Court is unable to properly review the trial court's ruling as it is not clear that this Court possesses the same evidence the trial court had before it.  *See Rice v. Bowler,* 9th Dist. No. 25960, 2012-Ohio-2612, ¶ 6.  Thus, in light of the limited record on appeal, I concur in the majority's judgment.

**{¶28}** I also write separately to point out that to the extent that paragraph 14 of the majority opinion implies that the trial court complied with Civ.R. 58(B) and directed the clerk of courts to serve the parties by merely writing "cc:  Attorney John R. Chlysta" and "Attorneys Justin D. McCarty / Thomas F. Dasse" at the bottom of the judgment entry, I disagree.


<u>APPEARANCES:</u>

PAUL W. FLOWERS, Attorney at Law, for Appellant.

JOHN R. CHLYSTRA, Attorney at Law, for Appellee.

CHAD L. MOWERY, Attorney at Law, for Defendant